**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANJODH SINGH, | No. 06-72763 |
| Petitioner, | Agency No. A079-286-715 |
| v. | |
| ERIC H. HOLDER, JR ., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 13, 2011
San Francisco, California

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Ranjodh Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' summary affirmance of an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The IJ rejected Singh's asylum and withholding claims after finding him not credible. We uphold such findings unless the record evidence "compels a contrary result." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010). Here, we cannot say that it does.

Singh gave contradictory testimony about the number of times he had been arrested by the Indian authorities. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (testimony as to the number of times applicant was arrested before his departure went to the heart of his claim and supported an adverse credibility determination). Singh also claimed to have been present when his marriage was registered, despite previously testifying that he had been in hiding at the time. *See id.* (inconsistencies about events leading up to departure could justify adverse credibility determination); *see Zamanov v. Holder*, 649 F.3d 969, 976 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). These discrepancies, which Singh was unable to explain when offered the chance, provide substantial evidence for the IJ's finding that Singh was not credible. Singh's claims for asylum and withholding therefore fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim likewise fails. It is based on testimony the agency found not credible, and no other evidence in the record, including the country conditions reports, compels a finding that it is more likely than not Singh would be tortured if returned to India.

The petition for review is **DENIED.**